**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | | |
|---|---|---|
| **BARBARA N.,**[1] | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **CIVIL ACTION** |
| **v.** | ) | |
| | ) | **No. 18-1070-JWL** |
| **NANCY A. BERRYHILL,** | ) | |
| **Acting Commissioner of Social Security,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

**MEMORANDUM AND ORDER**

Plaintiff seeks review of a decision of the Acting Commissioner of Social Security (hereinafter Commissioner) denying Disability Insurance Benefits (DIB) pursuant to sections 216(i) and 223 of the Social Security Act, 42 U.S.C. §§ 416(i) and 423 (hereinafter the Act). Finding error in the Administrative Law Judge's (ALJ) apparent failure adequately to consider Plaintiff's obesity, the court ORDERS that the Commissioner's final decision shall be REVERSED and that judgment shall be entered pursuant to the fourth sentence of 42 U.S.C. § 405(g) REMANDING the case for further proceedings consistent with this decision.

---

[1] The court makes all its "Memorandum and Order[s]" available online. Therefore, in the interest of protecting the privacy interests of Social Security disability claimants, it has determined to caption such opinions using only the initial of the Plaintiff's last name.

# I.      Background

Plaintiff argues that the ALJ erroneously failed to consider the effects of obesity when evaluating Plaintiff's disability, and in doing so failed to consider whether Plaintiff's impairments considered in their entirety meet or equal the severity of a Listed Impairment; failed to adequately explain the opinion evidence in assessing residual functional capacity (RFC); did not properly consider the medical opinion of Plaintiff's treating physician, Dr. Henry; and failed adequately to review the record in its entirety.

The court's review is guided by the Act.  Wall v. Astrue, 561 F.3d 1048, 1052 (10th Cir. 2009).  Section 405(g) of the Act provides that in judicial review "[t]he findings of the Commissioner as to any fact, if supported by substantial evidence, shall be conclusive."  42 U.S.C. § 405(g).  The court must determine whether the ALJ's factual findings are supported by substantial evidence in the record and whether she applied the correct legal standard.  Lax v. Astrue, 489 F.3d 1080, 1084 (10th Cir. 2007); accord, White v. Barnhart, 287 F.3d 903, 905 (10th Cir. 2001).  Substantial evidence is more than a scintilla, but it is less than a preponderance; it is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  Richardson v. Perales, 402 U.S. 389, 401 (1971); see also, Wall, 561 F.3d at 1052; Gossett v. Bowen, 862 F.2d 802, 804 (10th Cir. 1988).

The court may "neither reweigh the evidence nor substitute [its] judgment for that of the agency."  Bowman v. Astrue, 511 F.3d 1270, 1272 (10th Cir. 2008) (quoting Casias v. Sec'y of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991)); accord, Hackett v. Barnhart, 395 F.3d 1168, 1172 (10th Cir. 2005); see also, Bowling v. Shalala,

36 F.3d 431, 434 (5th Cir. 1994) (The court "may not reweigh the evidence in the record, nor try the issues de novo, nor substitute [the Court's] judgment for the [Commissioner's], even if the evidence preponderates against the [Commissioner's] decision.") (quoting Harrell v. Bowen, 862 F.2d 471, 475 (5th Cir. 1988)). Nonetheless, the determination whether substantial evidence supports the Commissioner's decision is not simply a quantitative exercise, for evidence is not substantial if it is overwhelmed by other evidence or if it constitutes mere conclusion. Gossett, 862 F.2d at 804-05; Ray v. Bowen, 865 F.2d 222, 224 (10th Cir. 1989).

The Commissioner uses the familiar five-step sequential process to evaluate a claim for disability. 20 C.F.R. §§ 404.1520, 416.920; Wilson v. Astrue, 602 F.3d 1136, 1139 (10th Cir. 2010) (citing Williams v. Bowen, 844 F.2d 748, 750 (10th Cir. 1988)). "If a determination can be made at any of the steps that a claimant is or is not disabled, evaluation under a subsequent step is not necessary." Wilson, 602 F.3d at 1139 (quoting Lax, 489 F.3d at 1084). In the first three steps, the Commissioner determines whether claimant has engaged in substantial gainful activity since the alleged onset, whether she has a severe impairment(s), and whether the severity of her impairment(s) meets or equals the severity of any impairment in the Listing of Impairments (20 C.F.R., Pt. 404, Subpt. P, App. 1). Williams, 844 F.2d at 750-51. After evaluating step three, the Commissioner assesses claimant's RFC. 20 C.F.R. §§ 404.1520(e), 416.920(e). This assessment is used at both step four and step five of the sequential evaluation process. Id.

The Commissioner next evaluates steps four and five of the process--determining at step four whether, considering the RFC assessed, claimant can perform her past

relevant work; and at step five whether, when also considering the vocational factors of age, education, and work experience, she is able to perform other work in the economy. Wilson, 602 F.3d at 1139 (quoting Lax, 489 F.3d at 1084). In steps one through four the burden is on Plaintiff to prove a disability that prevents performance of past relevant work. Blea v. Barnhart, 466 F.3d 903, 907 (10th Cir. 2006); accord, Dikeman v. Halter, 245 F.3d 1182, 1184 (10th Cir. 2001); Williams, 844 F.2d at 751 n.2. At step five, the burden shifts to the Commissioner to show that there are jobs in the economy which are within the RFC assessed. Id.; Haddock v. Apfel, 196 F.3d 1084, 1088 (10th Cir. 1999).

The court finds that the Commissioner's decision is unclear regarding the ALJ's consideration of Plaintiff's obesity and the court is unable from the decision reasonably to discern that the ALJ properly considered that issue when evaluating the record in this case. Consequently, remand is necessary for the Commissioner to consider the effect of Plaintiff's obesity on her abilities in the first instance. An adequate consideration of obesity may result in a different evaluation of the Listings at step three and may also affect evaluation of Plaintiff's allegation of symptoms, of the opinion evidence, and the assessment of Plaintiff's RFC. The court may not provide an advisory opinion on those issues.

## II.     Consideration of Obesity

Plaintiff acknowledges that she did not allege obesity as a disabling impairment, but notes that it was mentioned within the medical records and "was included by DDS [(the state Disability Determination Service used by the Social Security Administration)] as a severe impairment." (Pl. Br. 18). She argues that the ALJ did not even mention

obesity in his decision, consequently "the ALJ could not consider the effect that obesity has on [Plaintiff]'s spinal impairments as required by SSR [(Soc. Sec. Ruling)] 02-01." Id. She argues, "The Sixth Circuit recognized that the failure to even mention obesity as an impairment is reversable [sic] error." Id. (citing Rinker v. Commissioner of Social Security, 2017 U.S. Dist. LEXIS 98828; 2017 WL 2789440, *7 (E.D. Tenn. June 27, 2017) ("the complete exclusion of any mention of Plaintiff's obesity makes it impossible for the Court to tell if the ALJ actually considered this condition in formulating the RFC. Given the complete omission of any mention of Plaintiff's obesity (or how Plaintiff's impairments may have been compounded by her obesity) in the ALJ's decision, the Court [sic] finds the ALJ erred by failing to consider the impact of this condition as required by SSR 02-1p") (citations omitted). She also argues that the ALJ's failure to consider obesity contributed to an erroneous consideration of Listing 1.04 (Disorders of the Spine) at step three of the sequential process (Pl. Br. 19-20), may have led to assessing lesser RFC limitations, id. at 20, and resulted in an inadequate explanation of "reasons for doubting the claimant's credibility." Id. at 22.

The Commissioner acknowledges that the ALJ did not discuss Plaintiff's obesity in his decision, but argues that he adequately considered obesity in the circumstances presented here in that he relied on medical opinions that took obesity into account. She argues further that Plaintiff points to no additional limitations related to obesity which are demonstrated by record evidence and that Plaintiff's argument regarding Listing 1.04 is neither supported by the law nor the record evidence.

The court is unable to discern the ALJ's consideration of obesity in the circumstances of this case. As the Commissioner suggests, Plaintiff's argument conflates the requirement that an ALJ <u>consider</u> all the record evidence regarding obesity with a requirement to <u>discuss</u> all such record evidence. Such a requirement does not exist. Rather, in addition to discussing the evidence supporting his decision, the ALJ must discuss the uncontroverted evidence he chooses not to rely upon, as well as significantly probative evidence he rejects. <u>Clifton v. Chater</u>, 79 F.3d 1007, 1009-1010 (10th Cir. 1996).

SSR 02-1p contains guidance for ALJ's when evaluating disability in someone who suffers from obesity. Titles II & XVI: Evaluation of Obesity, SSR 02-1P, 2002 WL 34686281 (S.S.A. Sept. 12, 2002). That ruling recognizes that when the Agency deleted Listing 9.09 for obesity in 1999 it "made some changes to the listings to ensure that obesity is still addressed in our listings." 2002 WL 34686281 at *1. It explains:

> In the final rule [(deleting Listing 9.09)], we added paragraphs to the prefaces of the musculoskeletal, respiratory, and cardiovascular body system listings that provide guidance about the potential effects obesity has in causing or contributing to impairments in those body systems. See listings sections 1.00Q, 3.00I, and 4.00F. The paragraphs state that we consider obesity to be a medically determinable impairment and remind adjudicators to consider its effects when evaluating disability. The provisions also remind adjudicators that the combined effects of obesity with other impairments can be greater than the effects of each of the impairments considered separately. They also instruct adjudicators to consider the effects of obesity not only under the listings but also when assessing a claim at other steps of the sequential evaluation process, including when assessing an individual's residual functional capacity.

2002 WL 34686281 at *1. As the ruling makes clear, adjudicators must consider many factors when evaluating disability in such cases, just as they must when evaluating

disability in all other cases.  The purpose of the ruling is not to require that an adjudicator <u>discuss</u> each factor in such a case, but to remind adjudicators of the numerous factors to <u>consider</u> in such a case.

Therefore, the question for the court is not whether the ALJ discussed obesity and its effects on Plaintiff, but whether he properly considered it.  The court finds that the decision does not demonstrate that the ALJ did so, and the court is unable to ascertain from the record in this case whether he did so.  As both parties acknowledge, the record demonstrates that Plaintiff is obese within the contemplation of SSR 02-1p, and the ALJ did not mention the evidence to that effect or find obesity as one of Plaintiff's severe impairments, or even as one of Plaintiff's medically determinable impairments.  Citing <u>Salazar v. Barnhart</u>, 468 F.3d 615, 616 (10th Cir. 2006), Plaintiff argues that failure to include all impairments is reversible error.  (Pl. Br. 18).  Contrary to Plaintiff's assertion, however, <u>Salazar</u> holds that "the failure to <u>consider</u> all of the impairments is reversible error."  468 F.3d at 621 (underline added).

Plaintiff next argues that the Sixth Circuit has "recognized that the failure to even mention obesity as an impairment is reversable [sic] error."  <u>Id.</u> (citing <u>Rinker</u>, 2017 WL 2789440, at *7) ("the complete exclusion of any mention of Plaintiff's obesity makes it impossible for the Court to tell if the ALJ actually considered this condition in formulating the RFC.  Given the complete omission of any mention of Plaintiff's obesity (or how Plaintiff's impairments may have been compounded by her obesity) in the ALJ's decision, the Court [sic] finds the ALJ erred by failing to consider the impact of this condition as required by SSR 02-1p").  Leaving aside the problems with citing the

opinion of the District Court for the Eastern District of Tennessee as the law of the Sixth

Circuit, the court in Rinker specifically recognized Sixth Circuit precedent that "in some

circumstances an ALJ fulfills his duty to consider obesity if he credits the report of an

expert who considered obesity." Rinker, 2017 WL 2789440, at *5 (citing Bledsoe v.

Barnhart, 165 F. App'x 408, 412 (6th Cir. 2006)). It is this very distinction upon which

the Commissioner relies to argue that the ALJ adequately considered obesity--"Although

the ALJ did not explicitly discuss her obesity, the ALJ relied on medical opinions which

took her obesity into consideration." (Comm'r Br. 7) (citing Dr. Sand's opinion R. 896).

The court "will uphold a decision of less than ideal clarity if the agency's path

may reasonably be discerned." Adkins v. Colvin, 645 F. App'x 807, 810 (10th Cir. 2016)

(quoting Davis v. Erdmann, 607 F.2d 917, 918 n.1 (10th Cir. 1979)). Therefore, the

deciding question on this issue is whether, lacking specific discussion in the decision, it

"may reasonably be discerned" from the record in this case that the ALJ relied upon

medical opinions which adequately considered Plaintiff's obesity in reaching his

determination that Plaintiff is not disabled.

As the Commissioner suggests, after the ALJ's hearing he referred Plaintiff to Dr.

Sand for a needle electromyography and nerve conduction study. (R. 895-905). As part

of his evaluation, Dr. Sand provided a medical source statement providing his opinion of

Plaintiff's limitations and capabilities. (R. 900-05). Dr. Sand provided a "Review of

Systems" as part of his evaluation in which he noted the presence of obesity without

weight gain or weight loss. Id. 896. He noted his physical exam "revealed a well

appearing mildly obese woman in no distress." Id. Dr. Sand did not mention obesity in

any of his notes, stated that Plaintiff's "limitations are due to to [sic] her pain only," id. at 897, and identified "back pain" as the sole medical or clinical finding supporting the functional limitations he assessed. Id. 900-03.

In the initial disability determination obesity was listed as one of Plaintiff's severe medically determinable impairments. (R. 96). Dr. Raju listed obesity and spine problems as the bases for the postural limitations he assessed, id. at 99, and in his additional RFC explanation, he noted "Obesity w BMI in 38 to 39 range." Id. at 100. In the reconsideration determination, Dr. Coleman made identical findings. (R. 112, 116, 117). The court's review did not reveal, and the parties do not suggest, any other medical opinion in the record which discussed obesity or its effects on Plaintiff. As the Commissioner points out, the ALJ relied upon Dr. Sand's opinion in his evaluation. (R. 24) (according the opinion "some, but not full weight"). And the ALJ did not even mention, much less weigh, the opinions of the state agency physicians, Dr. Raju and Dr. Coleman. In the circumstances of this case, it is a bridge too far for the court to find that Dr. Sand took Plaintiff's obesity into consideration when opining on her functional limitations, and further that the ALJ, by relying in part on Dr. Sand's opinion implicitly took into consideration Plaintiff's obesity.

While it is conceivable that the ALJ considered Plaintiff's obesity at each step of the sequential evaluation process beginning with step two, the court cannot find that "the agency's path may reasonably be discerned" in that manner. Davis, 607 F.2d at 918, n.1. Remand is necessary for a proper consideration of Plaintiff's obesity

**IT IS THEREFORE ORDERED** that the Commissioner's final decision shall be

REVERSED and that judgment shall be entered pursuant to the fourth sentence of 42

U.S.C. § 405(g) REMANDING the case for further proceedings consistent herewith.

Dated March 7, 2019, at Kansas City, Kansas.

s:/ John W. Lungstrum
**John W. Lungstrum**
**United States District Judge**